# United States Court of Appeals
# for the Fifth Circuit

————————————

No. 25-30730
Summary Calendar

————————————

United States Court of Appeals
Fifth Circuit

**FILED**
August 6, 2026

Lyle W. Cayce
Clerk

Robert F. Bruce,

*Plaintiff—Appellant*,

*versus*

9th Judicial District Court,

*Defendant—Appellee*.

————————————————————————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:23-CV-1110

————————————————————————

Before Davis, Richman, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Plaintiff-Appellant Robert Bruce sued the 9th Judicial District Court (JDC) for the Parish of Rapides, Louisiana. He alleged the court mishandled his property-damage case, violated his constitutional rights, and failed to accommodate his vision impairment.

————————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-30730

The district court dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because the 9th JDC is not a proper defendant under our decision in *McLin v. Twenty-First Judicial District*.[1] There, we held that Louisiana district courts are not separate juridical entities under Louisiana law and therefore "lack[] the capacity to be sued."[2] Rather, such courts are "part of the greater body of the Judicial Branch of Louisiana's state government."[3] We further held that allowing the plaintiff to amend to name Louisiana itself as a defendant would be futile because any such suit would be barred by Eleventh Amendment Immunity.[4]

Bruce does not address this dispositive issue in his brief on appeal, nor does he request leave to amend to name a different defendant. Instead, he only reiterates the factual allegations made in his complaint. Bruce has thus forfeited appellate review.[5] And regardless, we find the district court correctly applied the law and dismissed the case.

AFFIRMED.

---

[1] 79 F.4th 411, 416 (5th Cir. 2023).

[2] *Id.* at 417 n.23.

[3] *Id.* at 416.

[4] *Id.* at 417 n.23.

[5] *See Brinkmann v. Dall. Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987) (holding that appellant's failure to identify any error in the basis for the district court's judgment "is the same as if he had not appealed that judgment").